IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| **Mostafa Kamal,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**Swinnea Enterprise, Inc.,** )<br>**d/b/a Swinnea Food Mart,** )<br>**Habibur Rahman,** )<br>**and Syed Akram Hossain,** )<br>)<br>**Defendants.** ) | **Civil Action No.**<br><br>3:22cv208-SA-RP |

**VERIFIED COMPLAINT**
**FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

**COMES NOW** Plaintiff Mostafa Kamal (hereinafter, "Plaintiff" or "Mr. Kamal"), by and through counsel, and for his Complaint against Defendants Swinnea Enterprise, Inc., d/b/a Swinnea Food Mart( hereinafter "Swinnea Food Mart"), Habibur Rahman, and Syed Akram Hossain (collectively "Defendants") states and alleges as follows:

### NATURE OF THE COMPLAINT

1. Plaintiff Mostafa Kamal brings this action against Defendants under federal law, specifically the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

2. Mr. Kamal brings this action against Defendants for unpaid wages, overtime compensation, and related penalties and damages.

3. Defendants' payroll policies and practices were and are in direct violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.

4. For said violations, Mr. Kamal seeks declaratory relief; unpaid back wages, unpaid

1

overtime premiums for all hours worked over forty hours in a work week; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

5. Plaintiff Mostafa Kamal is an adult resident of Albany, New York.

6. Upon information and belief, Defendant Syed Akram Hossain is an adult resident of Southaven, Mississippi.

7. Upon information and belief, Defendant Habibur Rahman is an adult resident of Southaven, Mississippi.

8. Defendant Swinnea Enterprise Inc., d/b/a Swinnea Food Mart is a Mississippi-based corporation, and may be reached for service through its registered agent, Syed Akram Hossain, 1044 Rasco Road West, Southaven, Mississippi, 38671.

## JURISDICTION AND VENUE

9. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1311 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

10. Defendant Swinnea Enterprise Inc., d/b/a Swinnea Food Mart is a legal entity incorporated in the State of Mississippi, is subject to service of process in Mississippi, and does business in the state of Mississippi. Therefore, this Court has personal jurisdiction over Defendant Swinnea Enterprise Inc. d/b/a Swinnea Food Mart.

11. Upon information and belief, Defendant Syed Akram Hossain is an adult resident of Mississippi. Accordingly, this Court has personal jurisdiction over Defendant Syed Akram Hossain.

12. Upon information and belief, Defendant Habibur Rahman is an adult resident of Mississippi. Accordingly, this Court has personal jurisdiction over Defendant Habibur Rahman.

Doc ID: 97e2d3160efe6ca60cbbefe8ebe638a289e688f2

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL BACKGROUND

14. Upon information and belief, Defendants Syed Akram Hossain and Habibur Rahman are the owners and directors of Swinnea Enterprise, Inc.

15. Upon information and belief, Defendant Swinnea Enterprise, Inc. owns and operates a network of Mississippi and Tennessee gas stations and convenience stores.

16. On September 26, 2020, Mostafa Kamal began working for Defendants as a Cashier for the Swinnea Food Mart and Valero Gast Station in Southaven, Mississippi

17. During Mr. Kamal's employment with Defendants, he was occasionally required to work at Defendants' other locations, including a Quick-Mart and Valero in Southaven, Mississippi, and a Marathon Station in Memphis, Tennessee.

18. While working as a cashier for Defendants, Mr. Kamal's primary duties involved operating the cash register and physically stocking the shelves.

19. For the duration of his employment with Defendants, Mr. Kamal regularly worked every day of the week, for ten or more hours per day, or an average of more than seventy hours each week.

20. For the duration of Mr. Kamal's employment, Defendants' only paid him a salary of $800 per month.

21. Mr. Kamal's monthly salary did not change based on the amount of hours he worked.

22. Defendants did not pay Mr. Kamal an overtime premium, or one and one-half times his regular rate of pay, for his hours worked over forty in a workweek.

23. On or about August 10, 2022, Mr. Kamal resigned from his employment with Defendants.

24. Defendants never paid Mr. Kamal for his hours worked in August 2022.

Doc ID: 97e2d3160efe6ca60cbbefe8ebe638a289e688f2

## COUNT I--VIOLATION OF THE FAIR LABOR STANDARDS ACT

25. Plaintiff Mostafa Kamal realleges and incorporates all allegations above as if actually set forth herein.

26. At all relevant times, Defendants were covered employers engaged in interstate "commerce" and/or in the handling and selling of goods for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(i).

27. At all relevant times, Defendants "employed" Mr. Kamal within the meaning of the FLSA, 29 U.S.C. § 203(g).

28. The FLSA requires each covered employer, including Defendants, to compensate non-exempt employees a minimum wage of $7.25 per hour. 29 U.S.C. §206(a)(1)(c)

29. The FLSA requires each covered employer, including Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week. 29 U.S.C. § 207(a)(2).

30. Employees may be exempt from the requirements of the FLSA, if their job duties meet specific criteria and they are paid a weekly salary of no less than $684. *See* 29 U.S.C. § 213(a)(1); *see also* 29 C.F.R. §§ 541.2, 541.699(a);

31. Mr. Kamal was paid a monthly salary of $800, far below the level required for exemption. Therefore, at all relevant times, Mr. Kamal was a non-exempt employee within the meaning of the FLSA, 29 U.S.C. § 213(a)(1).

32. While employed by Defendants, Mr. Kamal was entitled to an hourly wage of no less than $7.25 and an overtime premium at a rate of not less than one and one-half his regular rate of pay for work performed in excess of forty hours in a work week.

Doc ID: 97e2d3160efe6ca60cbbefe8ebe638a289e688f2

33. From approximately September 2020 until August 2022, Mr. Kamal regularly worked an estimated 70 or more hours each week for Defendants.

34. From approximately September 2020 until August 2022, Defendants paid Mr. Kamal the same monthly salary of $800.

35. This monthly salary of $800 was less than the required minimum wage for Mr. Kamal's hours worked.

36. Defendants never compensated Mr. Kamal for his overtime hours worked at a rate of not less than one and one-half his regular rate for hours worked over forty in week.

37. Defendants failure to appropriately compensate Mr. Kamal at the minimum wage and pay overtime premium for all hours worked over forty in any given workweek is in violation of the FLSA, 29 U.S.C. §§ 206 -207.

38. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

39. The foregoing conduct, as alleged, also fails to meet the standard of good faith compliance with the FLSA within the meaning of 29 U.S.C. § 260.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mostafa Kamal prays for relief as follows:

1. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

2. Pre-judgment interest, as provided by law;

3. An award of money damages for unpaid wages, including liquidated damages, compensatory and punitive damages in an amount to be determined at trial;

4. An award of costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

Doc ID: 97e2d3160efe6ca60cbbefe8ebe638a289e688f2

5. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

.

                                  Respectfully submitted,

                                  s/ John B. Turner Jr., Esq.
Jack Turner, MS Bar No. 101314
Philip Oliphant, TN Bar No. 025990
THE CRONE LAW FIRM, PLC
88 Union Avenue, 14th Floor
Memphis, TN 38103
800.403.7868 (voice)
901.737.7740 (voice)
901.474.7926 (fax)
jturner@cronelawfirmplc.com
poliphant@cronelawfirmplc.com

*Attorneys for Plaintiff*

Doc ID: 97e2d3160efe6ca60cbbefe8ebe638a289e688f2

## DECLARATION AND VERIFICATION

I, **Mostafa Kamal**, verify and declare that the facts stated in the foregoing Verified Complaint to the best of my knowledge and belief are true, and that the Complaint is not made out of levity or by collusion with the Defendants, but in sincerity and truth for the causes mentioned in the Complaint.

*KMostafa*

**Mostafa Kamal**

Date: 09 / 26 / 2022

Doc ID: 97e2d3160efe6ca60cbbefe8ebe638a289e688f2



# Audit Trail

| | |
|---|---|
| **TITLE** | Kamal Complaint revised |
| **FILE NAME** | Kamel- FLSA Complaint..pdf |
| **DOCUMENT ID** | 97e2d3160efe6ca60cbbefe8ebe638a289e688f2 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Signed |

## Document History

**SENT**
**09 / 26 / 2022**
10:59:23 UTC-5
Sent for signature to Mostafa Kamal (mostafahawaii808@gmail.com) from jlc@cronelawfirmplc.com
IP: 173.166.195.225

**VIEWED**
**09 / 26 / 2022**
11:09:02 UTC-5
Viewed by Mostafa Kamal (mostafahawaii808@gmail.com)
IP: 172.56.34.145

**SIGNED**
**09 / 26 / 2022**
11:10:42 UTC-5
Signed by Mostafa Kamal (mostafahawaii808@gmail.com)
IP: 172.56.34.145

**COMPLETED**
**09 / 26 / 2022**
11:10:42 UTC-5
The document has been completed.

Powered by HELLOSIGN