IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MOSTAFA KAMAL                                                                                    PLAINTIFF

v.                                                                        CIVIL ACTION NO. 3:22-CV-208-SA-RP

SWINNEA ENTERPRISE, INC. d/b/a SWINNEA
FOOD MART; HABIBUR RAHMAN; and
SYED AKRAM HOSSAIN                                                                          DEFENDANTS

ORDER

On September 26, 2022, Mostafa Kamal initiated this lawsuit by filing his Complaint [1] against Swinnea Food Mart, Habibur Rahman, and Syed Akram Hossain. Kamal has filed a Motion for Default Judgment [46]. Also pending is Swinnea Food Mart and Hossain's Motion to Set Aside Default [56]. The Court is prepared to rule.

*Relevant Factual and Procedural Background*

According to the Complaint [1], on September 26, 2020, Kamal began working as a cashier at Swinnea Food Mart and Valero Gas Station ("Swinnea") in Southaven, Mississippi. Rahman and Hossain own Swinnea. During his employment, Kamal occasionally worked at other stores that the Defendants owned.

Kamal alleges that during his term of employment he "regularly worked every day of the week, for ten or more hours per day, or an average of more than seventy hours each week." [1] at p. 3. He further contends that the Defendants paid him a salary of $800 per month regardless of how many hours he worked. These employment practices continued, according to Kamal, until he resigned from his employment on August 10, 2022. He avers that the Defendants never paid him for the hours he worked in August 2022.

As indicated above, Kamal filed this lawsuit on September 26, 2022. In his Complaint [1], he contends that the Defendants violated the Fair Labor Standards Act and requests declaratory and monetary relief.

The procedural history is convoluted. On October 27, 2022, Emily A. Warwick, Esq., an attorney with Reifers, Holmes & Peters, entered an appearance on behalf of all three Defendants. *See* [10]. Warwick participated in a case management conference on behalf of the Defendants on January 3, 2023. *See* [23]. As the case progressed, on June 30, 2023, John Bennett, Esq., an attorney with the same firm as Warwick, entered an appearance on behalf of the Defendants. *See* [33]. Warwick then filed a Motion to Withdraw as Counsel [34], wherein she indicated to the Court that she had resigned from her employment with Reifers, Holmes & Peters. On July 7, 2023, Judge Percy permitted Warwick to withdraw. *See* [35].

Shortly thereafter, on August 1, 2023, Bennett also requested to withdraw. In his Motion [39], he advised the Court that he "believes in good faith that the Rules of Professional Responsibility required immediate withdrawal as counsel." [39] at p. 1. On August 16, 2023, Judge Percy entered an Order [41] granting in part and conditionally granting in part Bennett's request. More specifically, Judge Percy permitted Bennett to immediately withdraw as counsel for the individual Defendants but ordered that he continue to represent Swinnea until the corporation retained new counsel or until the lapse of thirty days. In the Order [41], Judge Percy specifically advised as follows:

> Habibur Rahman and Syed Akram Hossain are granted until September 16, 2023 to either (1) retain other counsel, (2) notify the court that they intend not to defend this case, or (3) advise the court that they intend to proceed pro se, meaning to represent themselves without an attorney in this case.
>
> . . .

2

> Habibur Rahman and Syed Akram Hossain are warned that failure to comply with this Order or other orders of this court may result in sanctions, up to and including striking their answer to the complaint and entering default against them, as failure to comply with this Order or other others will be construed as an indication that they no longer intend to defend this action.
>
> . . .
>
> [C]ounsel's request to withdraw as to [Swinnea] is conditionally GRANTED as follows: counsel's withdrawal will take effect, without the necessity of further order of the court, upon the appearance of substitute counsel. Until then, John J. Bennett will remain counsel of record for said defendant. [Swinnea] is hereby ORDERED to retain substitute counsel no later than September 16, 2023. Said defendant is warned that its failure to comply with this order will be construed as an indication that it no longer intends to defend against this action. If no substitute counsel has entered an appearance for said defendant by September 16, 2023, John J. Bennett will then be allowed to withdraw, said defendant's answer to the complaint will be stricken, and default will be entered against it.

[41] at p. 2-3 (emphasis omitted).

After the Defendants failed to timely comply with the Court's directives, Judge Percy entered an Order [43] striking the Defendants' Answer and directing the Clerk of Court to enter default against them. *See* [43]. The Clerk did so. *See* [44].

On October 23, 2023, Kamal filed a Motion for Default Judgment [46]. The Court scheduled a hearing for January 9, 2024. *See* [49].

On December 14, 2023, Courtney Leyes, Esq. and Emily Warwick, now associated with a different law firm, appeared on behalf of Swinnea and Hossain. *See* [50, 51]. Leyes and Warwick did not enter an appearance of Rahman's behalf. On January 2, 2024, Swinnea and Hossain filed a Motion to Set Aside Default [56]. Kamal opposes their request.

3

*Analysis and Discussion*

At the outset, the Court notes that the crux of Swinnea and Hossain's defense is a lack of knowledge and/or misunderstanding of the ongoing proceedings. They explain in their filings that the Defendant, Syed *Akram* Hossain, has a brother named Syed *Akhter* Hossain. They further explain that when their previous counsel, John Bennett, Esq., filed the motion to withdraw, Syed Akhter Hossain mistakenly received the pleading. The Defendants have submitted a sworn declarator of Syed Akhter Hossain advising that he "incorrectly believed that the Court was dismissing Plaintiff's Complaint rather than permitting Mr. Bennett to withdraw as counsel of record for Defendants. As a result, I did not feel the need to relay the Motion to Withdraw to my brother." [56], Ex. 1 at p. 2-3. He further stated that "[a]fter the court entered default judgment in this matter, I realized that this matter had not been dismissed by the Court. Because my brother was out of the country, I took it upon myself to secure alternative legal counsel. As a result, on or around October 10, 2023, I contacted an attorney in Mississippi to represent Swinnea Enterprise, Inc. in this matter. This attorney thereafter referred me to Ms. Courtney Leyes on or around October 23, 2023." *Id*. at p. 3. Ultimately, Leyes filed the pending Motion to Set Aside Default [56]. With that factual predicate, the Court turns to the applicable law.

Rule 55(c) authorizes the setting aside of an entry of default for good cause. FED. R. CIV. P. 55(c). "The Fifth Circuit has established a three part test for determining whether to set aside the default. The district court should consider whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Pelican Renewables 2, LLC v. Directsun Solar Energy & Tech., LLC*, 325 F.R.D. 570, 574-75 (E.D. La. 2016) (quoting *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985)); *see also Evanston Ins. Co. v. Washington Cnty. Country Club, LLC*, 2017 WL 4293162, at *2 (N.D.

Miss. Sept. 27, 2017). "But these factors are not exclusive. Other considerations may be taken into account, including whether a party . . . acted expeditiously to correct the default." *Id*. (citing *In re Chinese Manufactured Drywall Products Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2004)). "[T]he decision to set aside a default is committed to the sound discretion of the trial court." *Evanston*, 2017 WL 4293162 at *2 (quoting *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)).

Turning first to willfulness, the Court "focuses on the 'neglect or culpable conduct on the part of the defaulted party.'" *Evanston*, 2017 WL 4293162 at *2 (quoting *CJC Holdings, Inc. v. Wrigth & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992)). The Fifth Circuit has "affirmed a lower court's finding of willfulness where the lower court determined that the defendant simply 'chose to play games with the court' and 'chose to make a decision that he hadn't been served when, in fact, he had.'" *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 123 (5th Cir. 2008) (quoting *Dierschke*, 975 F.2d at 184).

Here, the Court does not find that the Defendants acted willfully. Rather, the record illustrates that they did in fact participate in this litigation for some period of time prior to their counsel's withdrawal. They have now provided an explanation (through sworn declarations) for their abrupt failure to continue to participate in the litigation. This factor weighs in favor of setting aside the default.

Second, the Court looks to whether setting aside the default would prejudice Kamal. *See Evanston*, 2017 WL 4293162 at *2. "[A] plaintiff is not prejudiced within the meaning of Rule 55(c)'s inquiry when setting aside a default would cause no harm to the plaintiff except to require it to prove its case." *Id*. (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)) (internal quotation marks omitted). The Court is unaware of any prejudice that

Kamal would suffer as a result of setting aside the default—other than having to prove his case on the merits. This factor favors setting aside the default.

Lastly, the Court looks to whether there is a meritorious defense to the allegations—"[t]he third factor weighs in favor of setting aside a default when the defendant 'provides definite factual allegations with supporting record evidence that, if believed at trial, would lead to a result contrary to that achieved by the default.'" *Id*. (quoting *Jenkens*, 542 F.3d at 122). Here, the Defendants allege a simple defense to Kamal's allegations—that he did not work for the Defendants during the applicable time period. This defense was raised in the Defendants' previously-filed Answer (which has since been stricken). This is sufficient for purposes of the present inquiry. This factor weighs in favor of setting aside the default.

The Court finds that the applicable factors weigh in favor of setting aside the default as to Swinnea and Hossain. Good cause exists to set aside the default.

*Conclusion*

For the reasons set forth above, the Motion to Set Aside Default [56] is GRANTED. The Clerk's entry of default as to Swinnea and Hossain is hereby SET ASIDE. However, Rahman remains in default. The Court will take up the matter of entry of judgment against him following the conclusion of the claims against Swinnea and Hossain. The Motion for Default Judgment [46] is TERMINATED.

Magistrate Judge Percy will hold a status conference with the parties for the purpose of scheduling deadlines associated with the case. The Court will reset the matter for trial following the conclusion of that conference.

SO ORDERED, this the 16th day of April, 2024.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE